IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GEORGE W. TILMON IV,
                Petitioner,

-vs-                                                    Case No.  A-14-CA-1129-SS

SHERIFF GREG HAMILTON,
                Respondent.

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court is Petitioner's application for habeas corpus relief.  Petitioner has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**Background**

Petitioner's application is confusing at best.  He challenges his current pre-trial detention on multiple criminal charges as well as his confinement for a pending probation revocation in a single application for habeas corpus relief filed pursuant to 28 U.S.C. § 2241.

According to Petitioner, at the time he filed his application, he was incarcerated in the Travis County Correctional Complex.  He was pending trial in Cause No. D-1-DC-13100164 in the 147th

Judicial District Court of Travis County, Texas, as well as in other criminal cases. Petitioner alleges his prosecution in D-1-DC-13100164 violates the Double Jeopardy Clause because it "includes elements from allegations housed in Cause D1DC13200203, C1CR1312149, [and] C1CR1321560." Petitioner additionally alleges "considering all evidence relevant to these issues the court must determine the state's actions as manifestly unjust given that Petitioner has sufficiently surpassed standards of review surrounding proof." He also alleges his "continued confinement without probable cause after statutes and civil right guarantee release from jail is unlawful."

In a claim unrelated to his pretrial detention, Petitioner alleges he received 18 months of community supervision in Cause No. C1CR1321560, and his sentence should have expired in March of 2014. Petitioner complains about the "continuation of his sentence well beyond the statutory maximum with or without good time credits; failure to issue bond beyond statutory maximum, and high bond as a vehicle of detention." Petitioner suggests this charge should be "barred from additional discussion" but notes there may be an active motion to revoke his probation.

Petitioner requests the Court to "ban prosecution on double jeopardy claims, review harmful nature of constitutional violations to to [sic] process (including fair and impartial trial) issue personal bond pending dismissal of trial, issue declaration stating violations and indemnifications."

**Analysis**

Petitioner is generally protesting his current confinement. It is well-established a state pre-trial detainee may challenge the power and authority of the State to bring him to trial and the constitutionality or lawfulness of his present confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as [Petitioner]'s are properly brought under 28 U.S.C. § 2241, which applies to

persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). To the extent he alleges double jeopardy and excessive bail claims, those claims are properly brought pursuant to § 2241. *See*, *Stringer v. Williams,* 161 F.3d 259, 261-62 (5th Cir. 1992) (Pretrial petitions are properly brought under § 2241 "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); *See also, Stow v. Murashige,* 389 F.3d 880, 886-87 (9th Cir. 2004 ) ("In explaining the difference between § 2241 and § 2254 [,] we previously have suggested that a pretrial double jeopardy challenge is properly brought under § 2241); *Jacobs v. McCaughtry,* 251 F.3d 596, 597 (7th Cir. 2001) (Section 2241 is the proper statute for the petitioner's pretrial double jeopardy challenge); *Fabuluje v. I.N.A.*,34 Fed. Appx. 150 (5th Cir. 2002) (stating that an excessive-bail claim is cognizable under 28 U.S.C. § 2241). Petitioner's claims regarding the improper continuation of a prior sentence and failure to issue good time credits, however, are properly brought pursuant to § 2254. *See Malchi v. Taylor*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

Petitioner must first exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief, whether pursuant to § 2241 or § 2254. *Dickerson*, 816 F.2d at 225; *Rose v. Lundy*, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523. The state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*,

404 U.S. 270, 275 (1971). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. *See Rose,* 455 U.S. at 510; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991).

Petitioner must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies. Petitioner's recitation of the procedural background of his case and a review of the Texas Court of Criminal Appeals' docket reflects that Petitioner has not satisfied the exhaustion requirement as to the claims presented in the instant habeas petition. In addition, he has not shown that he should otherwise be excused from the exhaustion requirement due to exceptional circumstances warranting federal intrusion at this juncture.

Accordingly, the Court finds that Petitioner's habeas application should be dismissed for failure to exhaust all available state court remedies.

## RECOMMENDATION

It is therefore recommended that Petitioner's Application for Writ of Habeas Corpus be dismissed without prejudice for failure to exhaust state court remedies.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of April, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE